IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| MARIA C. EBERHARDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No.  08-CV-3004 |
| ) | |
| PETERS BODY SHOP & TOWING, INC., ) | |
| ) | |
| Defendant. ) | |

### SCHEDULING ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling conference was held on March 13, 2008 with Attorneys John A. Baker and Dennis G. Woodworth.  TIME LIMITS AND SETTINGS ARE ORDERED AS FOLLOWS:

1. Initial disclosures under Rule 26 to be made by April 1, 2008.

2. No motions to join other parties or to amend the pleadings to be filed after April 15, 2008.

3. Plaintiff is to identify testifying experts and to provide Rule 26 expert reports by August 1, 2008.   Defendant is to identify testifying experts and to provide Rule 26 expert reports by October 1, 2008.

4. The parties have until December 31, 2008, to complete all discovery.  Any written discovery served subsequent to the date of this

Order to be served by a date that allows the served party the full 30 days provided by the Federal Rules of Civil Procedure in which to comply.

5. Motions to compel and other motions relating to discovery shall be pursued in a diligent and timely manner, but in no event filed more than sixty (60) days following the event (e.g. failure to answer interrogatories, objections to request for production, etc.) that is the subject of the motion. The parties are required to meet and confer on the discovery dispute as required by Rule 37(a) within the 60-day period.  Except for good cause shown, any discovery motion that is not timely filed and any discovery motion that is filed after the discovery deadline will not be considered by the Court.  If a motion to compel discovery is found by the Court to be time-barred, the moving party is prohibited from making a subsequent discovery request for the discovery which the Court has found to be time-barred.  All motions to compel must contain the certification required by Rule 37 that the parties met and conferred and attempted to resolve the discovery dispute.  If the certification is not included, the motion to compel will be denied.

6. The parties have until January 31, 2009 to file dispositive motions.  No dispositive motions filed after that date will be considered by the Court.

7. Final Pre-trial Conference is scheduled for May 4, 2009 at 11:30 a.m. before U.S. District Judge Jeanne Scott. All Motions in Limine to be filed on or prior to the Final Pre-Trial date. (See Local Rule 16.1 - Pre-Trial Procedures.)

8. Jury trial is scheduled for May 5, 2009 at 9:00 a.m. on the trial calendar of U.S. District Judge Jeanne Scott.

9. If the parties consent to trial before U.S. Magistrate Judge Byron Cudmore, the final pre-trial date and trial date may be changed.

10. Mediation will be hosted by U.S. Magistrate Judge Cudmore in Springfield at joint request of the parties. Attached is Judge Cudmore's memorandum concerning mediation.

11. Evidence Presentation Equipment: Attached is an information sheet describing the evidence presentation equipment which can be made available to attorneys and *pro se* litigants in the four active District Judges' courtrooms.

12. The parties are directed to meet and confer concerning provisions for discovery or disclosure of electronically stored information. The parties are directed to review Rule 16(b)(5) and (6) and Rule 26(f) pertaining to electronically stored information. If the parties <u>cannot</u> agree upon a process / procedure for the discovery of electronically stored

information, a status report with proposals for the discovery of electronically stored information shall be filed with the Court by June 1, 2008.

NOTE: A CONTINUANCE OF THE TRIAL DATE AND/OR FINAL PRE-TRIAL DATE, DOES <u>NOT</u> ALTER OR EXTEND ANY OF THE OTHER ABOVE DATES.

ENTERED   March 13, 2008

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE

E-FILED
Thursday, 13 March, 2008  03:29:44 PM
Clerk, U.S. District Court, ILCD

# EVIDENCE PRESENTATION TECHNOLOGY

THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS is proud to offer evidence presentation equipment in the courtrooms of Chief Judge McDade and Judge Mihm in Peoria and Rock Island, Judge McCuskey in Urbana, and Judge Scott in Springfield.

A **Document Camera** enables counsel to present evidence via video monitors and a projection screen.  Evidence can be in any medium (e.g. documents, pictures, negatives, x-rays, and 3-D objects).

**Video Monitors** are located at the bench, clerk's station, witness box, lectern, and attorney tables.  The judge's monitor, the witness monitor and the lectern monitor are equipped with touchscreen technology.  These touchscreen video monitors enable the judge, witness and counsel to draw and point with their fingers on the monitors to annotate any evidence or document that is displayed through the system.  The image of the document or other exhibit can be marked with no changes to the original.

A **Video Cassette Recorder (VCR)** allows playback of evidence through the video monitors, The VCR contains a search feature that allows the operator to slowly advance an image.  Counsel or a witness may use a touchscreen monitor to annotate a frame of the tape.

A **Color Video Printer** is available for counsel to print an image of a piece of evidence as it has been displayed through the system.  Annotations are printed on the image as well.  The printer enables counsel to preserve any document or piece of evidence for the record.

**Computer Inputs** are available if counsel chooses to use a computer to present evidence or make slide presentations.  *Note: a 26-point font is highly recommended, as smaller fonts are extremely difficult to read.*  Computer inputs are available at each counsel table and at the lectern.  Each computer input has a corresponding audio input if counsel wants to use a computer with a sound card to present a recording as evidence through the sound system.

The Court strongly recommends that counsel test their systems and evidence in the courtroom before use in open court.  Demonstrations and testing times are available by contacting the Clerk's Office to make an appointment with the appropriate courtroom deputy.  Specific contact information is provided on the following page.  *Note: this is especially recommended if counsel plans to use a laptop to present sound, or the VCR to present a surveillance videotape.  Past experiences with sound and video have proven that different recording processes produce different results on the Court's system.  Adjustments might need to be made to accommodate certain media.*

The Clerk's Offices in Peoria, Springfield and Urbana have a scanner station PC available for use by the public.  This computer workstation includes Microsoft Word, Corel WordPerfect, Microsoft Excel, Microsoft PowerPoint, Adobe Acrobat, and Textbridge.  Textbridge is a program that scans a hard copy of a document, and then sends it to Word or WordPerfect for editing.  The workstation also includes a Zip drive and CD writer.  The Clerk's office does not provide Zip disks or CD-ROMs.  Please note that CD-ROMs must be blank CD-Rs, specifically made for burning a CD.  Regular CDs cannot be used to save information.

UNITED STATES DISTRICT COURT   *Central District of Illinois*

# EVIDENCE PRESENTATION TECHNOLOGY

Page Two

Contact the following courtroom deputy clerks to make an appointment to test computer equipment to be used and evidence to be presented in the courtrooms. Cities and judges in each city are listed in alphabetical order for easy reference.

PEORIA

| | |
|---|---|
| Courtroom of U.S. Magistrate Judge John A. Gorman*: | Kerin, 309-671-7117 |
| Courtroom of U.S. District Judge Joe Billy McDade: | Rhonda, 309-671-7117 |
| Courtroom of U.S. District Judge Michael M. Mihm: | Connie, 309-671-7117 |

ROCK ISLAND

Courtroom of the U.S. District Court:    Denise, 309-793-5778

SPRINGFIELD

| | |
|---|---|
| Courtroom of U.S. Magistrate Judge Byron G. Cudmore*: | Michelle, 217-492-4020 |
| Courtroom of U.S. District Judge Richard Mills*: | Marleen, 217-492-4020 |
| Courtroom of U.S. District Judge Jeanne E. Scott: | Christy, 217-492-4020 |

URBANA

| | |
|---|---|
| Courtroom of U.S. District Judge Harold A. Baker*: | Karen, 217-373-5830 |
| Courtroom of U.S. Magistrate Judge David G. Bernthal*: | Keri, 217-373-5830 |
| Courtroom of Chief U.S. District Judge Michael P. McCuskey: | Sherry, 217-373-5830 |

NOTE: * denotes limited, or no, evidence presentation technology. All judges are listed because, if circumstances warrant, those without full evidence presentation systems can sometimes make use of the courtrooms with the full evidence presentation systems. <u>Counsel are cautioned not to make any assumptions in this regard, and to contact the appropriate courtroom deputy.</u>

UNITED STATES DISTRICT COURT
Central District of Illinois

MEDIATION HOSTED BY
U.S. MAGISTRATE JUDGE BYRON CUDMORE

Judge Cudmore uses a mediation format, and private caucusing with each party. Judge Cudmore normally does not require or allow any type of opening statement or presentation to be given on behalf of each party. Judge Cudmore may address your client directly during the mediation. Parties with ultimate settlement authority must be personally present, or with leave of Court may be immediately available by telephone. Whenever an insurance company or carrier is a party or is defending a party, a representative of the insurance carrier with settlement authority must be present.

Judge Cudmore mandates that in all mediations that he hosts, counsel and *pro se* parties must submit detailed settlement statements seven (7) days prior to the mediation date. Settlement statements will be treated confidentially by Judge Cudmore and should not be filed with the U.S. District Court and must <u>not</u> be submitted to the other parties or other counsel of record. Judge Cudmore, in his role as mediator, may have *ex parte* contact with counsel prior to the mediation.

Each settlement statement should candidly assess the strengths and weaknesses of both sides of the case, including an appraisal of the issues of liability. Each side should specify the evidence that supports their theory or defense of the case. Plaintiff's counsel shall also itemize all damages claimed and the prospect for recovery on each item of damages claimed. Counsel should attach to their statements any documents that might enhance the productivity of the negotiations. The parties should also provide the Court with any controlling legal precedent that supports their theory or defense of the case.

The parties are expected to have engaged in good faith settlement discussions <u>before</u> requesting a mediation before Judge Cudmore. The settlement statement must describe negotiations that have occurred to date, detailing demands, offers, and any counter-offers that have been made and rejected. The settlement statement should also describe any offers that are currently open for acceptance. The settlement statement should identify any particular circumstances which appear to have impeded efforts thus far to resolve the case.

When a settlement is successfully mediated, and the parties request the District Court to retain jurisdiction to enforce compliance with the settlement contract pursuant to <u>Kokkonen v. Guardian Life Ins. Co of America</u>, 511 U.S. 375 (1994), Judge Cudmore suggests the parties formally consent to him pursuant to 28 U.S.C. 636(c) prior to a dismissal of the case to enable Judge Cudmore to enforce the terms of the settlement agreement.